IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'25 OCT 7 PM3:33

| UNITED STATES OF AMERICA | NO. |
| --- | --- |
| v. | 3-25CR-457 N |
| FANGZHOU CHEN<br>a/k/a Amber Chen | |

## INDICTMENT

The Grand Jury charges:

<u>Counts One through Three</u>
Cyberstalking
[Violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5)]

Beginning in or about the dates stated below, the precise dates being unknown, and continuing through on or about October 1, 2025, in the Dallas Division of the Northern District of Texas, and elsewhere, the defendant, **Fangzhou Chen**, with the intent to kill, injure, harass, and intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, that is, the victims identified below, and known to the Grand Jury, did use the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the person:

| Count | Dates | Victim |
|-------|-------|--------|
| 1 | October 2021 - October 1, 2025 | Victim 1 |
| 2 | November 2022 - October 1, 2025 | Victim 2 |
| 3 | March 2024 - October 1, 2025 | Victim 3 |

All in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5).

<u>Counts Four and Five</u>
Cyberstalking
[Violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5)]

Beginning in or about the dates stated below, the exact dates being unknown, and continuing through on or about October 1, 2025, in the Dallas Division of the Northern District of Texas, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, the defendant, **Fangzhou Chen**, with the intent to kill, injure, harass, and intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, that is, the victims identified below, and known to the Grand Jury, did use the mail, an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to the person:

| Count | Dates | Victim |
|---|---|---|
| 4 | September 2024 - October 1, 2025 | Victim 4 |
| 5 | June 15, 2025 - October 1, 2025 | Victim 5 |

All in violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5), and 3238.

<u>Count Six</u>
Transmitting a Threatening Communication in Interstate Commerce
[Violation of 18 U.S.C. § 875(c)]

On or about January 8, 2025, in the Northern District of Texas, Dallas Division, and elsewhere, the defendant, **Fangzhou Chen**, knowingly transmitted in interstate and foreign commerce electronic communications containing threats to injure the person of another, for the purpose of issuing threats, with knowledge that the communications would be viewed as threats, and with conscious disregard of a substantial risk that the communications would be viewed as threats, to wit: **Chen** posted to a social media platform "[Victim 1] goes first" and "The Evil Nurse [Victim 6] can stay alive. She needs to suffer."

All in violation of 18 U.S.C. § 875(c).

Count Seven
Transmitting a Threatening Communication in Interstate Commerce
[Violation of 18 U.S.C. § 875(c)]

On or about June 17, 2025, in the Northern District of Texas, Dallas Division, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, the defendant, **Fangzhou Chen**, knowingly transmitted in interstate and foreign commerce electronic communications containing threats to injure the person of another, for the purpose of issuing threats, with knowledge that the communications would be viewed as threats, and with conscious disregard of a substantial risk that the communications would be viewed as threats, to wit: **Chen** emailed Victim 4 the following: "If I ever see you anywhere around [Law Firm 1] anywhere on earth, you will be eliminated on the spot."

All in violation of 18 U.S.C. §§ 875(c) and 3238.

A TRUE BILL:

_____
FOREPERSON

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

_____
JONGWOO CHUNG
Assistant United States Attorney
North Carolina Bar No. 52070
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: jongwoo.chung@usdoj.gov

_____
VINCENT J. MAZZURCO
Assistant United States Attorney
New York Bar No. 5474259
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Email: vincent.mazzurco@usdoj.gov

Indictment—Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

FANGZHOU CHEN

INDICTMENT

18 U.S.C. §§ 2261A(2)(B), 2261(b)(5)
Cyberstalking

(Counts 1-5)

18 U.S.C. § 875(c)
Transmitting a Threatening Communication in Interstate Commerce

(Counts 6-7)

7 Counts

A true bill rendered

_____
DALLAS                                                FOREPERSON

Filed in open court this __7__ day of October, 2025.

-----------------------------------------------------------------

**No Warrant Needed**
**Pre-Trial Release**

-----------------------------------------------------------------

_____
UNITED STATES MAGISTRATE JUDGE
Magistrate Court Number: 3:25-MJ-886-BW