IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FANGZHOU CHEN<br>     a/k/a Amber Chen | NO. 3:25-CR-457-N |

**PROTECTIVE ORDER GOVERNING
USE AND DISCLOSURE OF DISCOVERY MATERIALS**

Before the Court is the government's Unopposed Motion for a Protective Order Governing Use and Disclosure of Discovery Materials, filed October 16, 2025. (Dkt. 23.) Upon due consideration, the Court determines that the motion should be and hereby is **GRANTED**.

The Court finds that good cause has been established to limit discovery in this case and that this Protective Order is a reasonable measure that protects the rights of the defendant, the public, victims, witnesses involved in this case, and uninvolved individuals or entities. Accordingly, pursuant to Federal Rule of Criminal Procedure 16(d)(1) and the inherent authority of this Court, IT IS HEREBY ORDERED that:

    1.    <u>Materials Subject to this Order</u>. This Order governs materials provided by the government subsequent to the date of this order and marked "CONFIDENTIAL DISCOVERY MATERIAL" (or with substantially similar watermark or stamp), ("Discovery Material").

    2.    <u>Use of Discovery</u>. The defendant and defense counsel shall use the Discovery Material only to prepare a defense in this case or any collateral proceeding in

which the U.S. Attorney's Office is involved, including investigation, trial preparation, trial, and appeal or post-conviction litigation.  The Discovery Material shall not be used for any other purpose, or in connection with any other proceeding, without further order of this Court.

      3.     <u>Disclosure of Discovery</u>.  Defense counsel shall not disclose the Discovery Material to any person or entity other than the defendant, agents of defense counsel who are directly assisting in the representation of defendant (including office staff), any expert witnesses retained by the defendant, any investigators retained by the defendant, and any fact witnesses (and their counsel) who are interviewed by defense counsel for the purpose of preparing a defense (collectively, "Authorized Persons").

      4.     <u>Copies of Discovery</u>.  Discovery Material shall not be copied except to the extent necessary for defense counsel (including office staff and agents of defense counsel) and any expert witnesses retained by the defendant to prepare the defense of the case.  The defendant may be shown copies of the Discovery Material as necessary to prepare the defense but may not retain copies without prior permission of the Court.  Fact witnesses and their counsel may be shown copies of the Discovery Material as necessary to prepare the defense but may not retain copies without prior permission of the Court.  However, neither the defendant nor fact witnesses may record any information or depiction from the Discovery Materials, including Personally Identifiable Information (PII) as described in Federal Rule of Criminal Procedure 49.1.

      5.     <u>Limits on Disclosure</u>.  Authorized Persons who review or retain Discovery Material in the manner described above must ensure that the material, any necessary

copies, and their contents thereof, are not relinquished or disseminated, physically or electronically, to any individual who is not an Authorized Person without further order of the Court.

6. <u>Notice of Protective Order</u>.  Defense counsel will inform all Authorized Persons having access to the Discovery Material of the contents of this Protective Order, and its terms will be binding upon those persons.

7. <u>Control of Discovery</u>.  Defense counsel, including staff, paralegals, legal assistants, and secretaries, shall remain in control of the Discovery Material, including any copies thereof, until the final resolution of this case.

8. <u>Storage of Discovery</u>.  Discovery Material is to be stored in a manner that protects it from unauthorized access and disclosure.

9. <u>Additional Representatives</u>.  Any counsel of record who is retained or appointed to represent the defendant, or who is later relieved of representation of the defendant, is bound by the terms of this Order unless excused from its terms by the Court.

10. <u>Resolution of Case</u>.  Upon resolution of all stages of this case, and upon a written request from the government, defense counsel shall destroy or return to the government the Discovery Material and all copies thereof and shall certify to the Court and the government that such materials have been disposed of in accordance with this Protective Order.  The obligations imposed by this Protective Order survive the final resolution of this case, and the Court shall retain jurisdiction after such final resolution for the limited purpose of enforcing the provisions of this Protective Order unless and until the Court decides otherwise.

11. <u>Judicial Proceedings</u>.  The restrictions set forth in this Protective Order do not apply to documents once they have become part of the public court record.  This Order does not limit defense counsel in the use of discovery in judicial proceedings in this case.

12. <u>Further Relief or Modification</u>.  Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

**SO ORDERED.**

Signed this 17th day of October, 2025.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS