IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 3:25-CR-457-N |
| | § | |
| FANGZHOU CHEN | § | |

### ORDER REVOKING PRETRIAL RELEASE

On November 6, 2025, the Court held a hearing on the government's October 3, 2025 Motion to Revoke Pretrial Release (Dkt. No. 14) and November 4, 2025 Supplemental Motion to Revoke Pretrial Release (Dkt. No. 29). Defendant Fangzhou Chen, also known as Amber Chen, was present on a summons with counsel.

At the hearing, the Court found that the evidence presented proved by clear and convincing evidence that Ms. Chen violated conditions of release, and it explained its reasons for those findings. *See* 18 U.S.C. § 3148(b)(1)(B). Specifically, the Court found, first, that Ms. Chen violated Condition No. 7(a) on November 4, 2025, when she refused to accept calls from the Supervising Officer, advised the Supervising Officer that she would no longer speak to him and that he must contact her attorney instead of contacting her directly, and blocked the Supervising Officer from contacting her mobile phone. Second, the Court also found that Ms. Chen violated Condition No. 7(s) by failing to refrain from the use of computer connected to the Internet except for legitimate and necessary purposes approved by Pretrial Services. The Court found that such violations were the result of intentional conduct and not due to a lack of clarity in the conditions or a lack of understanding on Ms. Chen's part.

Having found by clear and convincing evidence that Ms. Chen violated conditions of release, the Court also found under 18 U.S.C. § 3148(b)(2)(B) that she is unlikely to abide by

1

conditions that I believe are necessary to reasonably ensure the safety of the community and her appearance at court as directed. Among the most basic conditions of pretrial release is that the releasee submit to supervision. Ms. Chen's refusal to be contacted by the Supervising Officer persuades the Court that she would not comply with necessary conditions. Ms. Chen's testimony that she was unaware that posting the names of the individuals identified in the sealed supplement (Dkt. No. 9) online is not credible in light of the markings on the document as sealed and the clear warning that its contents must not be disseminated without court authorization.[1]

Based on these findings and those made during the hearing, the Court **GRANTS** the government's motion to revoke pretrial release (Dkt. Nos. 14, 29) and **REVOKES** Ms. Chen's release. Ms. Chen is remanded to the custody of the Attorney General or the Attorney General's designated representative for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. She must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this matter.

---

[1] After having been counseled by her attorney and warned by the Court, Ms. Chen knowingly and voluntarily waived her Fifth Amendment rights and testified at the hearing. The Court found that her testimony was generally not credible. Even if the Court had not considered her testimony at all, it still would have found that the other evidence presented sufficiently established the facts necessary to revoke pretrial release under § 3148(b)(1)(B) and (b)(2)(B).

**SO ORDERED** on November 6, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3