IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:25-CR-457-N |
| FANGZHOU CHEN<br>     a.k.a. Amber Chen | |

**GOVERNMENT'S OPPOSITION TO MOTION TO
REOPEN PROCEEDINGS UNDER BAIL REFORM ACT**

The government opposes the defendant's motion seeking to reopen proceedings, because 18 U.S.C. § 3142(f) does not apply to revocation hearings. Even if it did, the defendant presents no new material information. Framed as a motion to challenge the revocation order under 18 U.S.C. § 3145, the motion also fails because it is untimely under Fed. R. Crim. P. 59, and the defendant gives no compelling reasons the Court should exercise its discretion. The government finally opposes the defendant's motion to seal as there is no basis in law or local rule to keep the entire motion from public view when redactions and sealed exhibits more effectively protect sensitive information.

**BACKGROUND**

On September 10, 2025, the defendant appeared before United States Magistrate Judge Brian McKay for an initial appearance after federal agents arrested her at Dallas–Fort Worth International Airport ("DFW Airport") pursuant to an arrest warrant. The Court ordered the defendant released after the parties agreed to certain release conditions, including no contact with victims identified in a sealed addendum. (Dkts 8, 9.) During her initial appearance, the Court took a recess so that the defendant and her counsel could discuss the parties' proposed release conditions. (Dkt. 42, Initial Appearance Tr. 10:19.) The Court then directly addressed the

defendant asking if she understood the release conditions, which the defendant confirmed, though she did ask for clarification concerning DNA collection. (*Id.* at 12:12-13:15.)

The government moved to revoke the defendant's pretrial release on October 3, 2025, (Dkt 14), after the defendant made a series of inflammatory posts on her webpage which violated her release conditions. The defendant eventually took down the offending posts after being admonished and instructed to by her Supervising Officer. (Dkt 33, Rev. Hr'g Tr. 9:3.) By November 2, 2025, however, the defendant again posted a screenshot of one of the offending posts, which listed victim names and employment information, on her X account. (*Id.* at 9:15-20; Dkt 30, Gov. Sealed Ex. 1 at 41.) The Court revoked the defendant's release at a November 6, 2025 revocation hearing, (Dkt 32, Nov. 6, 2025 Minute Entry; Rev. Hr'g Tr. 46: 21-23), and issued an Order setting forth its reasoning, (Dkt 31, Rev. Order). The Court found, under § 3148, clear and convincing evidence that the defendant had violated her release conditions by refusing contact from her Supervising Officer and by intentional, unauthorized use of an internet-connected computer. (*Id.* at 1.) The Court went on to find that the defendant was unlikely to abide by release conditions, namely submission to supervision. (*Id.* at 1-2.) Further, the Court found that the defendant's testimony regarding the sealed supplement was not credible. (*Id.* at 2.) The defendant was remanded at the conclusion of the hearing.

The defendant filed this motion for reconsideration under seal on January 13, 2026.[1] (Dkt 39, Def. Mot.)

---

[1] Defense counsel shared a draft version of the motion, before filing, with the government on January 13, 2026, and served a copy of the filed motion by email on January 21, 2026.

**Opposition to Motion to Reopen Bail Reform Act Proceedings—Page 2**

## LEGAL STANDARD

### I. Sealing

The District's local criminal rules provide that, in pertinent part, "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. Tex. Crim. R. 55.3(b). The Fifth Circuit "heavily disfavor[s] sealing information placed in the judicial record." *Ferrari v. Francis*, 685 F. Supp. 3d 410, 412 (N.D. Tex. 2023) (citing *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-20 (5th Cir. 2022)). The Circuit has commented that, "[a]ll too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). The "party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *United States v. Hays*, No. 95-CR-141, 2022 WL 209272, at *1 (N.D. Tex. Jan. 24, 2022) (citing *Apple Inc. v. Samsung Elecs. Co*, 727 F.3d 1214, 1221 (Fed. Cir. 2013)). "[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." *Trans Tool, LLC v. All State Gear Inc.*, No. 19-CV-1304, 2022 WL 608945, at *9 (W.D. Tex. Mar. 1, 2022). Rule 49.1 of the Federal Rules of Criminal Procedure requires redaction for personally identifiable information, including home addresses. Fed. R. Crim. P. 49.1.

### II. Bail Reform Act

Section 3142(f) permits a party to reopen a detention hearing by establishing that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on" the Court's detention decision. 18 U.S.C. § 3142(f). The Fifth Circuit has

"interpreted th[e] standard as asking whether any 'new' information was presented." *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). At least one Magistrate Judge in this District defined "new evidence" as "new information that exists now and was not known to [the defendant]" at the "detention hearing." *United States v. Parrish*, No. 3:19-CR-160, 2021 WL 4046741, at *3 (N.D. Tex. Mar. 26, 2021) (Horan, M.J.).

"New and material information for purposes of § 3142(f)(2)(B) consists of 'truly changed circumstances, something unexpected, or a significant event,' and courts have interpreted the requirements of this provision strictly." *United States v. Reddy*, No. 19-CR-597, 2020 WL 1862564, at *1 (N.D. Tex. Apr. 13, 2020). "Conclusory allegations that information is newly discovered do not suffice; a party seeking to reopen detention must show how the evidence was discovered and why it was previously unavailable." *Id.* Courts have interpreted this standard to mean "not just actual knowledge, but also constructive knowledge, *i.e.*, knowledge that one using reasonable care or diligence should have, and therefore that is attributed by law to a given person." *United States v. Munguia*, No. 3:19-CR-191, 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020).

Section 3145, by contrast, permits review of a judicial officer's detention order by the "court having original jurisdiction over the offense," i.e. the District Judge. 18 U.S.C. § 3145(b). Motions to review a detention order under § 3145 must be brought within 14 days, as prescribed by Fed. R. Crim. P. 59(a), or the "right to review is waived, and review by the district court following such a waiver is discretionary and not a matter of right." *See, e.g.*, *United States v. Parrish*, No. 19-CR-160, 2020 WL 5922044, at *4 (N.D. Tex. May 20, 2020).

When a defendant violates conditions of pretrial release, the government may move to revoke the prior release order under 18 U.S.C. § 3148. Unlike a detention hearing under § 3142, there is no mechanism to reopen a revocation hearing.

## ARGUMENT

### I. There is No Basis to Seal the Defendant's Motion.

The defendant cites no statute or rule requiring or permitting the motion to be filed under seal. She alleges only that the motion "may discuss sealed victim information, sensitive process issues or court personnel." (Def. Mot. 1.) Of these, only victim information warrants sealing, especially when it is personally identifiable information. Though the defendant's motion does not identify victims by name, the defendant's proposed exhibits do include: a list of the victims named in the sealed court filing (Def. Ex. 1); a copy of the defendant's post listing the victims' names (Def. Ex. 2); a victim's name from a Texas State Bar grievance petition and the victim's name and home address (Def. Exs. 3-4); and a Hurst Police Department Report naming a victim and including her home address (Def. Ex. 5).[2] These proposed exhibits must be filed under seal, to protect victim identities and comply with Federal Rule of Criminal Procedure 49.1(a). For these reasons, the Court should deny the defendant's sealing motion in part and order the defendant to file the motion on the public docket and to file proposed exhibits under seal or with appropriate redactions.

### II. The Motion is Procedurally Flawed.

There is no basis to reopen because the defendant never had a § 3142 detention hearing. Even if the defendant established new information—and she does not—it would not be material

---

[2] Defendant's proposed exhibits are cited in her motion but not filed on the court's Electronic Case Filing System. Defendant's counsel did, however, share the exhibits with the government by email on or about January 17, 2026.

**Opposition to Motion to Reopen Bail Reform Act Proceedings—Page 5**

to flight risk or danger to the community under § 3142. The defendant was released at her initial appearance on agreed-to conditions. The parties never litigated the § 3142(g) factors. Instead, at the revocation hearing under § 3148, the Court found that the defendant had violated her conditions and was likely to continue to violate. (Rev. Order 2-3.) Section 3148 does not allow for reopening a revocation hearing, even with new material information.

The only avenue arguably available to the defendant then is district court review under § 3145. The defendant, however, is too late for such review. Judge McKay revoked the release order and detained the defendant on November 6, 2025. The defendant filed the instant motion 68 days later, on January 13, 2026. Even accounting for prior counsel's withdrawal, the defendant filed the motion 35 days after current counsel was appointed on December 9, 2025. The Court's review is therefore discretionary, and the motion should be denied on this basis alone, but also for the reasons stated below.

### III. There is No New Information Warranting Reconsideration.

None of the litany of circumstances defendant puts forth constitute new information to reopen the revocation hearing or compelling the Court to exercise its discretion to review Judge McKay's decision. This "new information" defendant presents sorts into two buckets: (1) prior counsel made mistakes; and (2) after her experience in jail, the defendant will do better with a second chance. The first bucket is not new information and, moreover, is not cognizable as an error warranting review. The second bucket is also not new information and is wholly incredible given the defendant's record.

The defendant's asserted new information was known or knowable at the revocation hearing. Defendant even testified and had an opportunity to explain exactly what counsel now asserts: that she never saw the sealed document; that she was never instructed the material was

sealed; that she did not understand what sealing meant. (Def. Mot. 4, 9; Rev. Hr'g Tr. 32:13-17.) Even if the defendant can lay blame at prior counsel's feet, she cites no cases, in this District or any other, where a court found such allegations constituted new information sufficient to reopen a detention hearing or that the same was material to detention. *Cf. Munguia*, 2020 WL 1471741, at *3-4 (finding unpersuasive argument that defendant "did not understand the consequences" of waiving his detention hearing and that waiver was "a result of incorrect advice"). Section 3142(f) "is not properly employed as a vehicle for granting a do-over to present evidence that a defendant knew [or should have known or that] he could have investigated—and now wishes he had run down." *Id.* at *4 (citing *United States v. Chappell*, No. 17-CR-341-B, Dkt No. 45 at 8 (N.D. Tex. Oct. 10, 2017)).

Though she now asserts she never would have posted the sealed information if properly instructed, her conduct refutes that. On November 2, 2025, before the revocation hearing, after being admonished by Probation to take down a post on October 16, 2025, the defendant posted a screenshot of the offending post on her X account. (*See* Rev. Hr'g Tr. 8:21-9:20 (Testimony of Officer Tolbert)). In her testimony she acknowledged the X account was hers. (*Id.* at 32:23-24.) The defendant was already given a second chance on October 16, 2025 and chose to squander it. The Court should deny her a third chance.

The defendant alleges another mistake, presented as new information, relating to her

[redacted]

**Opposition to Motion to Reopen Bail Reform Act Proceedings—Page 7**

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
████████████████████████

The defendant's second bucket is a chronicle of her alleged experiences while in pretrial custody. Though the Court has already found the defendant not credible, (Rev. Hr'g Tr. 45:9-12), allegations of mistreatment while in custody would not warrant a different detention decision. Instead, if true, the defendant could petition the Court for a transfer to a different facility or some other collateral relief. *See* 28 U.S.C. § 2241. The defendant effectively argues, though, that her custody conditions have sufficiently punished her such that she is now ready to comply with release conditions. First, the Circuit has held that a defendant's current and prospective detention are "not material to the issue of risk of flight or dangerousness." *Hare*, 873 F.2d at 799. But more importantly, this argument misunderstands the purposes of pretrial custody: ensuring the defendant's appearance at court hearings and trial; and protecting the community from further crimes of the defendant. Punishment (or deterrence) fits into neither purpose. Moreover, the defendant has already shown that on release, she will continue to use the internet to find new victims and harass old victims with inflammatory posts. (*See* Dkt 30, Gov. Sealed Ex. 1.)

None of these reasons warrant the Court's revisiting its decision to revoke the defendant's release, and the Court should deny the motion.

---

████████████████████████████████████████

**Opposition to Motion to Reopen Bail Reform Act Proceedings—Page 8**

## CONCLUSION

The Court should decline to exercise discretion and deny the motion. Further, the Court should order the defendant to file an unsealed version of the motion on the public docket with appropriate redactions protecting victims' identities and personally identifiable information, consistent with Fed. R. Crim. P. 49.1, the Local Rules and the Court's standing orders.

    Respectfully submitted,

    RYAN RAYBOULD
    UNITED STATES ATTORNEY

    */s/ Vincent J. Mazzurco*
    Vincent J. Mazzurco
    Assistant United States Attorney
    New York Bar No. 5474259
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242-1699
    Telephone: 214-659-8600
    Facsimile: 214-659-8805
    Email: vincent.mazzurco@usdoj.gov